ULSTER COUNTY.—HON. ALTON B. PARKER, SURROGATE.—
July, 1878.

## TAYLOR *v.* BRODHEAD.

*In the matter of the probate of the will of* SARAH CUD-
NEY, *deceased.*

Where one of the subscribing witnesses to a will, to which there was an
    attestation clause, testified to the observance of all the requisite formal-
    ities in its execution, including the subscription by testatrix in both
    witnesses' presence, while the other did not remember that she sub-
    scribed in his presence, or that the attestation clause was read,—*Held,*
    that the due execution was proved.

*It seems,* that the declaration, in the presence of another, by one who has
    affixed his signature to a paper, that the same is his last will, accom-
    panied with a request that the latter attest it, is a sufficient acknowledg-
    ment of his signature.

An attestation clause is no part of the execution of a will, but is useful as
    an aid to the witnesses' memory, and as raising a presumption, where
    one or both witnesses are dead, of the truth of its recitals.

APPLICATION, by Andrew Brodhead, executor, etc.,
of decedent, for the probate of his will: opposed by
Mary Taylor, his daughter.   The facts appear sufficiently
in the opinion.

JOHN LYON *and* GEORGE C. KEELER, *for proponent.*

JOHN T. DE WITT *and* C. A. VAN WAGONER, *for contestant.*

THE SURROGATE.—The contestant objects to the pro-
bate of the will, on the ground, among others, that
undue influence was used by Sarah J. Hawxhurst, which
resulted in deceased making a will, the provisions of
which were acceptable to Mrs. Hawxhurst, but were
contrary to the natural inclination and desire of de-
ceased.

There is evidence in the case, indicating that deceased was afraid to disobey Mrs. Hawxhurst, and dared not give away her own money, for fear it would displease her. On the other hand, the preponderance of evidence seems to indicate that the deceased was not afraid of, but, on the contrary, was very fond of her daughter, Mrs. Hawxhurst, who had provided for her during so long a period of time, that it was not unnatural or improper for deceased to bequeath to her or her family a larger amount than to other children, who had done less for her. All evidence upon the question of undue influence, however, covers a period of time subsequent to the date of the will. As there is not a particle of evidence indicating that undue influence was used prior to or at the time of making the will, it is unnecessary to consider the evidence upon that branch of the case.

The contestant urges that the will cannot be admitted to probate, for the reason that there is not sufficient proof of the execution of the will. One of the subscribing witnesses, Mr. Cantine, testified that he did not see Mrs. Cudney sign her name ; that "she did not sign it in my presence ;" and that "I do not recollect that the attestation clause was read over." He does testify that she declared the paper signed by him to be her last will and testament, and that "she asked me to sign the same as a witness." The evidence of the other subscribing witness is to the effect that all of the formalities were complied with. It has been repeatedly held that, where one of the subscribing witnesses swears that all the formalities required by statute have been complied with, even though the other attesting witness may not be able to recollect the fact, the will should be admitted to pro-

bate (Weir *v.* Fitzgerald, 2 *Bradf.*, 73 ; Chaffee *v.* Bapt. Miss. Conv., 10 *Paige*, 85 ; Jauncey *v.* Thorne, 2 *Barb. Ch.*, 40). McElhone swears positively that the requirements of the statute were fully complied with ; Cantine, in substance, that he does not recollect seeing the testatrix sign her name, or that the attestation clause was read over—not positively that it was not done, but that he does not remember of its having been done. It has long been held that, under such circumstances, the court must presume due execution on the part of the testatrix ; that the mere want of recollection, on the part of one of the subscribing witnesses to the will, is insufficient to overcome the presumption raised by the attestation clause, together with the positive evidence of the other witness (Blake *v.* Knight, 3 *Curteis*, 547 ; Remsen *v.* Brinckerhoff, 26 *Wend.*, 332).

Conceding the evidence of Cantine to be that the will was not signed in his presence, and that the attestation clause was not read over, I am of the opinion that the execution of the will has been duly proved, for the testatrix in the presence of both witnesses, declared the paper signed to be her last will and testament, and she requested both McElhone and Cantine to sign the same as witnesses, which they did in her presence, and in the presence of each other. In Baskin *v.* Baskin (36 *N. Y.*, 416), the court says that it is sufficient, if the subscription be either made or acknowledged in the presence of those who attest it, and that a declaration that the paper to which he has affixed his signature, is his last will and testament, accompanied with a request that the witnesses attest it, is a sufficient acknowledgment of a signature thus affixed. The objection that the attestation clause

was not read over is untenable, as it is no part of the execution of a will. It is a statement of facts transpiring at the time of the execution of the will, that may be useful as a memorandum, to aid the attesting witnesses in recalling what took place at the time of the execution of the paper, and, in case of the death of one or both of the witnesses, may be *prima facie* evidence that the formalities recited therein took place. Wills are frequently admitted to probate, which have no attestation clause. In Baskin *v.* Baskin (48 *Barb.*, 200), there was no attestation clause, the witnesses attesting beneath the subscription of the testator.

It is, therefore, well settled by authority that it is not necessary that the signature of the testator should be affixed in the presence of attesting witnesses, or the attestation clause read. Probate of a will is to be granted or denied, in view of all the facts attending its execution ; and the production of a paper to which the testator has affixed his signature, and a statement to the witnesses that such paper is his last will and testament, accompanied with a request that the witnesses attest the same, are a sufficient acknowledgment to render the will valid. The evidence in this case, however, is much stronger, one of the witnesses testifying that all of the usual formalities were enacted, and that the testatrix signed the will in the presence of both witnesses.

I am satisfied, therefore, that the execution of the will has been duly proved, and, as there is no evidence affirmatively establishing fraud, influence, restraint or imposition, it should be admitted to probate.

Decreed accordingly.